**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Joe Harold HULSEY,**
**Defendant-Appellant.**

No. 78–5772
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 31, 1979.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Whitney H. Cotney, Jacksonville, Fla. (Court-appointed), for defendant-appellant.

John J. Daley, Jr., U. S. Atty., John E. Lawlor, III, Asst. U. S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

PER CURIAM:

Joe Harold Hulsey appeals his conviction for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. Hulsey challenges the sufficiency of the evidence and argues that the district court abused its discretion by imposing a harsher sentence upon him than upon his codefendants who pleaded guilty. We reject these contentions and affirm.

■ According to the testimony at trial and appellant's brief, Hulsey actively participated in negotiations with undercover agents of the Drug Enforcement Administration (DEA) regarding a proposed cocaine sale. During several discussions that took place at Hulsey's apartment, he explained the details of the transaction to one agent.

Hulsey also brought another agent to the apartment of codefendant Charles Wade and remained as Wade showed the agent samples of cocaine. Moreover, one DEA agent testified that Hulsey expected to receive "four or five grams off of the package" of drugs "as payment for his part in arranging the transaction." This evidence amply supports the jury's verdict that Hulsey was guilty of conspiring to distribute cocaine. *See United States v. Warner*, 5 Cir., 1971, 441 F.2d 821, 825.

■ The district judge sentenced Hulsey to seven years' imprisonment and a special parole term of three years. Because two codefendants who pleaded guilty received lighter sentences, Hulsey alleges that the court abused its discretion by penalizing him for pleading not guilty. This argument is without merit. Hulsey's sentence was within the statutory maximum and, as he concedes in his brief on appeal, in contrast to his codefendants Hulsey "had an extensive arrest record with a previous drug conviction." The trial judge did not abuse his broad sentencing discretion. *See United States v. Gray*, 5 Cir., 1978, 565 F.2d 881, 892–93.

AFFIRMED.